**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07CV-P396-R**
**CRIMINAL ACTION NO. 3:02CR-66-R**

BRIAN RICO CENTENO                                    MOVANT/DEFENDANT

V.

UNITED STATES OF AMERICA                        RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION**

Brian Centeno has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In response, the government has filed a motion to dismiss Mr. Centeno's petition, in which it argues only that Mr. Centeno waived his right to collaterally attack his sentence as part of his plea agreement. The Court has reviewed Mr. Centeno's petition and the government's motion to dismiss it, and finds that the government's motion does not proffer a sufficient basis for dismissing the petition in its entirety. Accordingly, and for the reasons stated more specifically herein, the court will enter a separate order denying the government's motion.

**I.**

In 2002 Mr. Centeno was indicted for several federal crimes related to the possession and distribution of narcotics. After some negotiation, Mr. Centeno and the United States entered into a plea agreement, pursuant to which Mr. Centeno ultimately pled guilty to the crimes for which he was charged. This Court accepted the guilty plea and sentenced Mr. Centeno to 210 months' imprisonment. That sentence, while significant, was over four-years lower than the bottom of the applicable range under the advisory Sentencing Guidelines.

Mr. Centeno's plea agreement, as has become commonplace, contains waivers of his right to appeal his sentence directly and of his right to bring any collateral attack, "including, but not limited to, a motion brought under 28 U.S.C. Section 2255 ...." *See* Plea Agreement at ¶12. The government therefore contends that this Court should dismiss Mr. Centeno's § 2255 motion because such waivers are binding and enforceable. As a general principle, this assertion is well taken, but not in light of the specific claims presented by Mr. Centeno.

## II.

The United States is correct that the Court of Appeals for the Sixth Circuit has held that a defendant's informed and voluntary waiver of his right to collaterally attack his sentence is enforceable and usually binding. *See Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). The Sixth Circuit has been careful to emphasize, however, the distinction between challenges "that simply relate to issues a defendant has validly agreed not to appeal or attack collaterally, from those that go the very validity of the guilty plea." *In re Renato Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). The former are precluded by a knowing and voluntary waiver, the latter are not. *Id.* In *Acosta*, the Sixth Circuit noted:

> For example, in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockart,* it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack, when the substance of his claim challenges the very validity of the waiver itself.

The government's motion to dismiss Mr. Centeno's §2255 motion is limited solely to the argument that Mr. Centeno waived his right to collaterally attack his sentence. Were Mr. Centeno's claims limited to challenges to his degree of culpability, or to his assertions of factual errors or insufficient proof regarding the prior state court convictions used to calculate the amount of his sentence, the government's motion could be quickly and easily granted. Mr.

Centeno's claims are not so limited, however, and thus the government's legal analysis is incomplete. *See Acosta*, 480 F.3d at 422 ("In prior cases where we have enforced a waiver provision, it has been clear that the defendant did not articulate a basis for attacking the validity of his plea.")

Although his claims are clearly the product of one with no formal legal education, and are somewhat disjointed, they do articulate more than one basis for attacking the validity of his plea. For example, Mr. Centeno's assertions regarding the validity of Public Law 80-772 present a jurisdictional challenge to the validity of his sentence, and thus are not precluded by his waiver. *Cf. Short v. United States,* 471 F.3d 686, 697-98 (6th Cir. 2006)(dealing with a prisoner's jurisdictional challenges on their merits, in spite of a waiver provision in his plea agreement). Some of his other claims raise constitutional questions regarding the effectiveness of his counsel's assistance and the specter that his plea agreement was neither knowingly, nor voluntarily, entered into. This Court is not stating that it necessarily believes that these other claims "that go to the very validity of the guilty plea," *Acosta*, 480 F.3d at 422, warrant § 2255 relief. The court is aware that jurisdictional arguments almost identical to Mr. Centeno's have been soundly rejected by virtually every court that has dealt with them, but those courts have dealt with them on their merits and after adequate briefing. Moreover, this Court has never been willing to dismiss a claim of ineffective assistance of counsel without a more thorough presentation of its factual and legal underpinnings (or lack thereof).

Because the United States did not address in its Motion to Dismiss the possible futility of Mr. Centeno's claims from any standpoint other than its inapplicable waiver argument, this Court will not issue any opinion regarding their merits in this Memorandum Opinion. *Cf. Acosta*, 480 F.3d at 422 (discussing its practice of not dismissing collateral attacks, in spite of an

otherwise enforceable waiver, if the defendant has articulated a basis for challenging the validity of his plea). The Court will, however, permit the United States a reasonable period of time in which to file an amended or second motion to dismiss, if it would like to do so, and Mr. Centeno may then have an opportunity to respond.

## III.

For the reasons stated herein, the United States' Motion to Dismiss will be denied by separate Order to be issued the same date as this Memorandum Opinion.

DATE: