# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

### CRIMINAL ACTION NO. 3:02CR-00066-R

UNITED STATES OF AMERICA                                                             RESPONDENT/PLAINTIFF

V.

BRIAN RICO CENTENO                                                           MOVANT/DEFENDANT

### MEMORANDUM OPINION

Brian Centeno has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1] The government has asked the Court to dismiss that petition in its entirety, and the Court finds the government's request to be well taken. Accordingly, and for the reasons stated herein, the Court will enter an order dismissing Mr. Centeno's Motion.

**I.**

In 2002 Mr. Centeno was indicted for several federal crimes pertaining to the possession and distribution of narcotics. After some negotiation, Mr. Centeno and the United States entered into a plea agreement, pursuant to which Mr. Centeno ultimately entered a guilty plea. This Court accepted the plea and sentenced Mr. Centeno to 210 months of imprisonment, a sentence that was over four years lower than the bottom of the applicable range under the advisory Sentencing Guidelines.

Mr. Centeno's plea agreement contained waivers of his right to appeal directly and of his

---

[1] Mr. Centeno's sentence is also under review on unrelated grounds because recent amendments to the United States Sentencing Guidelines that pertain to the calculation of sentences for those convicted of crimes involving crack cocaine may permit a reduction of his sentence. That evaluation of his sentence will be addressed by separate order. This memorandum opinion is limited solely to the issues presented in his Motion filed pursuant to 28 U.S.C. § 2255.

right to bring any collateral attack, "including, but not limited to, a motion brought under 28 U.S.C. § 2255 . . ." *See* Plea Agreement at ¶12. In its first Motion to Dismiss, the United States asked the Court to dismiss Mr. Centeno's § 2255 Motion for the sole reason that he had waived his right to a collateral attack. This Court denied the Motion to Dismiss without prejudice to the government's right to amend the request because, while the waiver argument might appropriately address some of the issues presented in Mr. Centeno's collateral attack on his sentence, it did not apply to Mr. Centeno's jurisdictional challenges, or to his assertion that he was denied the effective assistance of counsel.

The government promptly filed an Amended Motion to Dismiss, in which it presents not only its waiver argument, but also addresses the putative merits of Mr. Centeno's other claims.

## II.

Pursuant to Title 28, United States Code, section 2255,

> A prisoner in custody under sentence of a [federal] court ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1. The United States Court of Appeals for the Sixth Circuit has declared that in order to prevail on a § 2255 motion, a federal prisoner must allege as a basis for relief: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). Mr. Centeno does not allege that his sentence is outside the statutory limits – in fact it was below the advisory guidelines.

Rather, he asserts that the trial court lacked jurisdiction to impose the sentence, and that his sentence otherwise violates the Constitution and laws of the United States because he was denied the effective assistance of counsel during his plea negotiations and his sentencing hearing.

The Court must first determine whether Mr. Centeno's sentence is even subject to collateral attack, before it can evaluate Mr. Centeno's claims.

**A.     Did Mr. Centeno Validly Waive His Right to File a § 2255 Motion?**

In his plea agreement, which this Court accepted, Mr. Centeno expressly waived the right to collaterally attack his sentence. In *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999), the Sixth Circuit held that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars relief under § 2255. *Id.* at 489. In *Watson*, the defendant signed a plea agreement that contained the following language: "The defendant further agrees not to file any motions or pleadings pursuant to 28 U.S.C. § 2255. Specifically, the defendant knowingly, intentionally, and voluntarily waives his right to collaterally attack the plea(s) being offered in the instant case." *Id.* at 487. The Court concludes that there is little substantive difference between the language at issue in *Watson* and the language contained in the plea agreement signed by Mr. Centeno (*see* docket no. 189). Accordingly, Mr. Centeno's waiver is valid and enforceable to the extent that it applies (*e.g.,* without limitation, to any claims challenging his degree of culpability, assertions of factual error or insufficient proof regarding the prior state court convictions used to calculate the amount of his sentence or the amount of narcotics at issue). The Court will now address the two issues presented by Mr. Centeno that are not precluded by his waiver: his jurisdictional challenge and his assertion that he was denied the effective assistance of counsel. *See In re Renato Acosta*, 480 F.3d 421, 422 (6th Cir. 1999)(distinguishing claims properly waived from those pertaining to the validity of the waiver

itself, such as a claim of ineffective assistance of counsel); *cf. Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006)(dealing with a prisoner's jurisdictional challenges on their merits, in spite of an otherwise valid waiver).

**B.      Is There a Genuine Jurisdictional Issue That Would Call into Question the Validity of Mr. Centeno's Guilty Plea or Sentence?**

Mr. Centeno devotes most of his initial Motion and subsequent pleadings to the assertion that Public Law 80-772 is invalid and, accordingly, the district court lacked jurisdiction to accept his guilty plea, or to sentence him. This particular claim is new to the Western District of Kentucky, but appears to be gaining popularity among the federal prison population. This Court is uncertain why, because every court that has dealt with this issue and either published its decision or made it available via Westlaw or Lexis, has soundly rejected arguments indistinguishable from those presented by Mr. Centeno. *See, e.g., Cardenas-Celestino v. United States*, 552 F. Supp. 2d 926, 966 (W.D. Mo. 2008)(citing and summarizing the myriad federal circuit and district court decisions rejecting the arguments now presented by Mr. Centeno). Although there is no Sixth Circuit decision directly on point, this Court predicts with a reasonable degree of certainty that the Sixth Circuit, like this Court, would agree with the reasoning of its sister circuits and several lower district courts that the jurisdictional arguments raised by Mr. Centeno utterly lack merit. Accordingly, this line of attack on his conviction and sentence provides no supportable basis for habeas relief.

**C.      Was Mr. Centeno's Counsel Ineffective?**

To establish ineffective assistance of counsel, Mr. Centeno must show (1) that his counsel's performance was somehow deficient, and (2) that his counsel's errors were so serious as to prejudice him. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The first part of the *Strickland* test requires Mr. Centeno to establish that his attorney's representation of him "fell

below an objective standard of reasonableness." *Id.* at 687-88.  Review of an attorney's performance is highly deferential, however, and reviewing courts must "indulge a strong presumption that counsel's conduct falls within a wide rage of reasonable professional assistance." *Id.* at 689.  To establish the prejudice required by the second part of the *Strickland* test, Mr. Centeno "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

This Court has reviewed the transcripts of the sentencing proceedings, the plea colloquy, and the affidavit submitted by Mr. Centeno's counsel, and finds no support therein for Mr. Centeno's assertions that his counsel committed "unprofessional errors," much less any errors serious enough to render his performance constitutionally deficient, or to otherwise prejudice Mr. Centeno in any way.  Nor can the Court find any support therein for the notion that Mr. Centeno's plea was involuntary, unknowing, or otherwise invalid because of his failure to comprehend the relative risks and merits of his case, or to appreciate the import of his decision to enter a plea of guilty, whether that failure was due to attorney error, or some other cause. Consequently, the Court can find no basis for awarding habeas relief on Mr. Centeno's claim of ineffective assistance of counsel.

### III.

For the reasons stated herein, this Court will enter an order denying Mr. Centeno's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  The Court must now decide whether a Certificate of Appealability should issue.

The Court may issue a Certificate of Appealability only if Mr. Centeno "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this

standard, Mr. Centeno must demonstrate that reasonable jurists would find the Court's assessment of the his claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this matter, the existing precedent from the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit clearly establish that Mr. Centeno waived his right to appeal his sentence and that his counsel did not render ineffective assistance to him when negotiating his plea agreement, assisting him with the determination regarding whether to plead guilty, or during the sentencing phase of his prosecution. Consequently, this Court does not believe that reasonable jurists would find debatable or wrong its assessments regarding the waiver issue or Mr. Centeno's claim of ineffective assistance of counsel. Although there is no Sixth Circuit precedent regarding the validity of Public Law 80-772, the Court does not believe that reasonable jurists would find debatable or wrong the correctness of this Court's assessments regarding the merits of that claim either. This Court will therefore decline to issue a certificate of appealability.

DATE:

cc: Brian Rico Centeno
  Monica Wheatley, Office of the United States Attorney
  Scott Wendelsdorf, Office of the Federal Defender